**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**John Henry GODWIN,**
**Defendant-Appellant.**

**No. 77–5246**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Jan. 27, 1978.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

William D. Smith, Atlanta, Ga. (Court-appointed), for defendant-appellant.

William L. Harper, U. S. Atty., William P. Gaffney, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

PER CURIAM:

The appellant was convicted on thirty-seven counts of submitting false time sheets to a United States Marshal, 18 U.S.C. § 1001.[1] After review of the entire record, we are of the opinion that there has been no error, and affirm.

The appellant was employed by the United States Marshal's Service, guarding hospitalized prisoners. He supervised other guards, and prepared both his and their time sheets. The government's evidence showed that on many occasions he filled out time sheets for periods when he and other guards were not in fact working, and submitted them to the United States Marshal's office. He and other guards were paid according to these submissions, and he received kickbacks from other guards.

On appeal, as at trial, the appellant denies any intent to defraud the government, and further asserts that the court's failure to so charge the jury was error.

In *United States v. Lange,* 528 F.2d 1280, 1287 (5 Cir. 1976) we stated the five elements necessary to sustain a conviction under 18 U.S.C. § 1001: (1) a statement, (2) falsity, (3) materiality, (4) specific intent, and (5) agency jurisdiction.

Intent to deceive and intent to defraud are not synonymous. Deceive is to cause to believe the false or to mislead. Defraud is to deprive of some right, interest or property by deceit. Since the purpose of 18 U.S.C. § 1001 is to protect the government against those who would cheat or mislead it in the administration of its programs, a charge that includes specific intent to *deceive* along with the other elements mentioned above comports with 18 U.S.C. § 1001. *United States v. Johnson,* 284 F.Supp. 273 (W.D.Mo.1968), *aff'd,* 410 F.2d 38 (8 Cir. 1968), *cert. denied,* 396 U.S. 822, 90 S.Ct. 63, 24 L.Ed.2d 72 (1969). 18 U.S.C. § 1001 does not require that the government prove a specific intent to defraud. Accordingly, since the charge in the instant case was comprised of all of the necessary elements, there is no error.

We have reviewed the other issues raised, and they are without merit.

AFFIRMED.

---

1. Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or represen- tations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both.