UNITED STATES of America, Plaintiff,

v.

Olga Ines REYES MERCADO,
Defendant.

Crim. No. 94–124 (RLA).

United States District Court,
D. Puerto Rico.

Dec. 2, 1994.

Silvia Carreño Coll, Asst. U.S. Atty., Hato Rey, PR, for plaintiff.

Miguel A.A. Nogueras–Castro, Federal Public Defender's Office, Old San Juan, PR, for defendant.

## ORDER DENYING MOTION TO DISMISS INDICTMENT

ACOSTA, District Judge.

Defendant OLGA INES REYES MERCADO has filed a series of motions requesting dismissal of the indictment for lack of subject matter jurisdiction which the Government has opposed.

The one-count indictment charged defendant with having presented false documents to the Federal Emergency Management Agency ("FEMA") in contravention of 18 U.S.C. § 1001.

According to defendant, she was employed as secretary of the Municipality of Jayuya from 1985 through January 1993. The Municipality submitted claims for financial aid to FEMA during 1985, 1986 and 1987. During the course of an investigation into possible irregularities pertaining to the FEMA claims and in response to his request, defendant provided to Special Agent H.R. MARTINEZ, of the FEMA Office of the Inspector General ("OIG"), copies of the relevant municipal records during the early part of 1992.

Defendant contends that her role in furnishing the aforementioned material was ministerial, limited to a "certification" attesting that the documents were authentic copies of the records on file. She argues that her "certification" cannot be construed as a "statement" nor was it "material" since the cover letter included with the documents could not influence a governmental decision. Lastly, defendant argues that she did not submit any claim to FEMA inasmuch as MR. MARTINEZ is not authorized under the regulations to "receive claims" on behalf of FEMA.

After having reviewed the Government's version of the facts, however, these arguments must fail. According to the prosecution, defendant, *while acting as Secretary to the Municipality,* prepared false documents attesting to non-existent bids for the work to be performed with the federal funds knowing this to be untrue. The Government further contends that thereafter, defendant submitted the documents to the OIG inspectors specifically calculated to avoid overpayment, that is, to justify FEMA grants previously allocated.

## ARGUMENT

The indictment in this case reads as follows:

On or about January 23, 1992, and continuing to on or about March 19, 1992 ...

### OLGA INES REYES DELGADO

the defendant herein, knowingly and willfully made, used and presented **false documents** knowing the same to contain false, fictitious and fraudulent statements, in that defendant made and presented to the Federal Emergency Management Agency ... **documents to claim** disaster Assistance Funds ... said **documents** containing false, fictitious and fraudulent statements in that they purport to document **the competitive bidding process** required by law, to support claims for Disaster Assistance Funds, when in truth and in fact, as the defendant then well knew, said bidding process had never occurred, all of these in violation of title 18 United States Code Section 1001. (emphasis ours)

In pertinent part, 18 U.S.C. § 1001 states as follows:

Whoever, in any matter within the jurisdiction of any ... agency of the United States knowingly and willfully ... makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry

...

The statute involved in these proceedings addresses three types of conduct: (1) con-

cealment of material facts; (2) fraudulent statements and (3) making or using false writings or documents. Defendant has been charged with the third category which requires the following elements:

1. That defendant knowingly made or used a false writing or document;

2. That the writing or document was material;

3. That the matter was within the jurisdiction of a department or agency of the United States and

4. That defendant acted with intent to defraud or deceive. *See U.S. v. Manning,* 955 F.2d 770, 773 (1st Cir.1992); *U.S. v. Corsino,* 812 F.2d 26, 29 (1st Cir.1987).

The crux of this action lies with defendant's role in providing the OIG with allegedly false documents. According to defendant, she did not submit a claim for funds but merely transmitted documents as requested by the agency.[1] The Government's case, however, rests not on a false claim for funds but on the accuracy of the documents furnished by defendant during the course of an investigation into the use of disaster funds. A finding by FEMA that payment was erroneously made because the procedural formalities had not been complied with would force the Municipality to return the monies advanced by FEMA. Defendant's attempt to minimize her role in transmitting the information is undermined by the fact that she was the secretary of the Municipality during the time when the federal funds were received and that she was personally responsible for preparing the minutes attesting to the bidding process which she knew had not taken place.

■ Therefore, the facts as alleged support a charge under 18 U.S.C. § 1001 in that defendant willfully presented documents to the OIG investigator to validate the disbursement of funds previously made, knowing that these documents contained false information pertaining to non-existent bids.

■ In order for the documents to be "material" it is not necessary that the agency actually react to the information provided.

"[All that is required is] that the fraud in question have a natural tendency to influence, or be capable of affecting or influencing a governmental function. The alleged concealment or misrepresentation need not have influenced the actions of the Government agency, and the Government agents need not have been actually deceived."

*Corsino,* 812 F.2d at 30 (citing *United States v. Markham,* 537 F.2d 187, 196 (5th Cir. 1976)).

In *Corsino* the issue was precisely information provided in response to an investigation in relation to the propriety of disbursement of federal funding. The conduct at issue was falsified signatures of the alleged recipients. The Court of Appeals ruled that the fact that the funds may have been properly distributed did not relieve defendant from criminal liability under the statute.

■ The documents in the case before us were purportedly intended to avoid a determination by FEMA that payment of claims had been improperly made. Therefore, it is obvious that they were intended to avoid a negative determination by FEMA and hence, "material" under the statute.

■ Defendant further argues that the OIG is not authorized to entertain claims and that therefore, agency jurisdiction is lacking in this action. As previously mentioned, the charge in this case does not arise from a claim for federal funds but from a subsequent investigation into the propriety of the use of those funds. The Inspector General is the particular officer within FEMA authorized *inter alios,* to audit and investigate FEMA programs to determine the existence of fraud and to refer possible criminal violations to the U.S. Department of Justice. *See* 44 C.F.R. § 2.70 and § 2.19 as amended by § 2.12, effective May 19, 1994. Therefore, under the facts as averred by the prosecu-

---

1.  As a matter of fact, defendant centers her arguments on a single document, i.e., the transmittal letter certifying the authenticity of the documents provided to the OIG whereas the prosecution alludes to the contents of the records provided which purportedly she knew at the time to be false.

tion, the conduct at issue falls precisely within the jurisdiction of a federal agency.

Additionally, this concept has been broadly construed and it has been determined that the jurisdiction of the federal agencies within 18 U.S.C. § 1001 is present even in those situations where the false information is addressed to state counterparts, provided that the information is expected to be utilized by a federal agency. *See United States v. Davis*, 8 F.3d 923, 929 (2nd Cir.1993).

 According to the Government's version of the facts, defendant deceived FEMA into believing that the procedural requirements for distribution of funds had been complied with. This disposes of the last element of the offense, i.e., that defendant acted with intent to defraud or deceive. The distinction between these two modalities has been explained as follows.

Intent to deceive and intent to defraud are not synonymous. Deceive is to cause to believe the false or to mislead. Defraud is to deprive of some right, interest or property by deceit. Since the purpose of 18 U.S.C. § 1001 is to protect the government against those who would cheat or mislead it in the administration of its programs, a charge that includes specific intent to deceive along with the other elements mentioned above comports with 18 U.S.C. § 1001.

*Corsino*, 812 F.2d at 29 (citing *United States v. Godwin*, 566 F.2d 975, 976 (5th Cir.1978)).

The arguments requesting dismissal are based on defendant's version of the facts in this case. However, pretrial motions raising jurisdictional issues which in turn depend on facts relevant to the elements of the offense charged should be determined at trial. *See United States v. Ayarza–Garcia*, 819 F.2d 1043, 1048 (11th Cir.1987); *see also*, 1 C. Wright, Federal Practice and Procedure: Criminal 2d § 194 (2d Ed.1982).

## CONCLUSION

Based on the foregoing, we find that the Government's version of the facts supports an indictment based on 18 U.S.C. § 1001.

Whether or not the prosecution will be able to prove those facts beyond a reasonable doubt or whether defendant's version will prevail are matters that must be left for trial.

Therefore, the following motions are hereby **DENIED:** [2]

1. Motion to Dismiss the Indictment for Lack of Subject Matter Jurisdiction (docket No. 17);

2. Supplemental Motion to Dismiss the Indictment for Lack of Jurisdiction (docket No. 20) and

3. Defendant's Reply to Government's Opposition to Motion to Dismiss (docket No. 25).

IT IS SO ORDERED.

**2.** *See also* Opposition to Motion to Dismiss (docket No. 22).